1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

| 11 | ELIZABETH ESPINOZA, | Case No. 2:22-cv-05931-FLA (SKx) |
|---|---|---|
| 12 | Plaintiff, | |
| 13 | v. | **ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION** |
| 14 | | |
| 15 | COSTCO WHOLESALE CORPORATION, et al., | |
| 16 | Defendants. | |

17

18

19

20

21

22

23

24

25

26

27

28

1

1    Federal courts are courts of "limited jurisdiction," possessing only "power

2  authorized by the Constitution and statute[.]"  *Kokkonen v. Guardian Life Ins. Co. of*

3  *Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1.  Courts are presumed to

4  lack jurisdiction unless the contrary appears affirmatively from the record.  *See*

5  *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006).  Additionally, federal

6  courts have an obligation to examine jurisdiction sua sponte before proceeding to the

7  merits of a case.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

8    Federal courts have jurisdiction where an action arises under federal law or

9  where each plaintiff's citizenship is diverse from each defendant's citizenship and the

10  amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C.

11  §§ 1331, 1332(a).  Thus, a notice removing an action from state court to federal court

12  must include "a plausible allegation that the amount in controversy exceeds the

13  jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574

14  U.S. 81, 89 (2014).  Where "the plaintiff contests, or the court questions, the

15  defendant's allegation" concerning the amount in controversy, "both sides [shall]

16  submit proof," and the court may then decide whether the defendant has proven the

17  amount in controversy "by a preponderance of the evidence."  *Id.* at 88–89.  "Federal

18  jurisdiction must be rejected if there is any doubt as to the right of removal in the first

19  instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

20    The court has reviewed Defendant Costco Wholesale Corporation's

21  ("Defendant") Notice of Removal (Dkt. 1) and is presently unable to conclude it has

22  subject matter jurisdiction under 28 U.S.C. § 1332(a).  In particular, and without

23  limitation, the court finds that the allegations in the Notice of Removal do not

24  demonstrate by a preponderance of the evidence that the amount in controversy

25  exceeds $75,000.

26    The parties are ORDERED TO SHOW CAUSE, in writing only, within

27  fourteen (14) days from the date of this Order, why this action should not be remanded

28  for lack of subject matter jurisdiction because the amount in controversy does not

1   exceed the jurisdictional threshold.  The parties are encouraged to submit evidence

2   and/or judicially noticeable facts in response to the court's Order.  Responses shall be

3   limited to ten (10) pages in length.  The parties should consider this Order to be a two-

4   pronged inquiry into the facial and factual sufficiency of Defendant's demonstration

5   of jurisdiction.  *See Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014).

6         As Defendant is the party asserting federal jurisdiction, Defendant's failure to

7   respond timely and adequately to this Order shall result in remand of the action

8   without further notice.

9

10        IT IS SO ORDERED.

11

12   Dated: November 21, 2023

13

14   _____

15        FERNANDO L. AENLLE-ROCHA
        United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28